UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARRIER CORPORATION,

        Plaintiff,

v.                                                       Case No. 11-C-957

DAVID KAIVER d/b/a 1st Choice Heating,

        Defendant.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

       This matter is before the Court upon Plaintiff Carrier Corporation's Motion for Default Judgment. Defendant David Kaiver, doing business as 1st Choice Heating, has not filed a response. The Clerk has previously entered a default as a result of the defendant's failure to file an Answer or other pleading in response to the Complaint within the time allowed. The case is now before the Court to determine the extent, if any, of statutory damages. Based upon the Complaint, the Court finds that the defendant has infringed upon six separate trademarks registered by the plaintiff.

       Defendant operates a HVAC repair and servicing business and has included the plaintiff's marks on several of his advertisements. Plaintiff's marks appear with various others as examples of the types of HVAC equipment that the defendant services. Because the marks have been registered, the defendant is not allowed to use them without permission of the defendant, and he clearly lacks such permission. Accordingly, plaintiff is entitled to judgment of default on each of the six violations.

Upon establishing a violation, plaintiff is entitled to statutory damages for each such use in connection with the sale, offering for sale or distribution of goods or services in the amount of:

1. Not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of goods or services sold, offered for sale or distributed, as the Court considers just; or

2. If the Court finds that the use of the counterfeit mark was willful, not more than $2,000,000.00 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the Court considers just.

15 U.S.C. § 1117(c). Courts have substantial discretion in determining statutory damages. Among the factors considered in determining the amount of damages to award are the following:

1. The expenses saved and the profits reaped by a defendant.

2. The revenues lost by plaintiff;

3. The value of the trademark;

4. The deterrent effect on others besides the defendant;

5. Whether the defendant's conduct was innocent or willful;

6. Whether the defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and

7. The potential for discouraging future infringement by the defendant.

*See Square D. Co. v. Breakers Unlimited, Inc.*, 2010 U.S. Dist. Lexis 5759 at *12.

In this case, because the defendant has not responded, the relevant information is generally not available. However, it appear from the record that the defendant's intent was to advise the public of the various kinds of HVAC equipment he claimed an ability to service or repair. Had he done so by simply naming the carrier without using the registered trademark, no violation would be found, as long as there was no suggestion that he was an authorized dealer of Carrier. His use

of the registered trademarks, however, makes his use unlawful. Accordingly, while the Court finds the defendant infringed Carrier's trademarks, it does not appear to be the type of case where substantial penalty is warranted.

On the other hand, the evidence presented shows that both the company and its attorney contacted plaintiff through letters and directly by telephone requesting that he remove the trademark from his literature and website prior to instituting suit. Defendant apparently failed to do so with respect to his website, at least until this past Saturday. Given the failure of the defendant to comply with the plaintiff's request, it appears more than the minimal amount of statutory damages is authorized. Taking these matters into consideration, the Court concludes that $3,000 per violation is appropriate and hereby awards plaintiff statutory damages in the total amount of $18,000.

In addition, plaintiff is to recover actual attorney's fees and costs. 28 U.S.C. § 1117(a). Counsel's affidavit supports an award of $4,909.50 in attorney's fees and $594.90 in costs in connection with the action, and the judgment will include that amount as well.

Finally, plaintiffs also seek injunctive relief and, given the state of the record, they are entitled to such relief as requested in the Complaint. Accordingly, the Clerk is directed to enter Judgment in favor of the plaintiff and against the defendant for the sum of $18,000.00 in damages, together with $4909.50 in attorney's fees and costs of $594.90. Further, the Judgment shall include a permanent injunction enjoining David Kaiver, d/b/a/ 1st Choice Heating, from:

> (1) using the registered trademarks of Carrier, Bryant, Payne, and Turn to the Experts, or other terms confusingly similar to the registered trademarks of Carrier, Bryant, Payne, and Turn to the Experts, in connection with any website operated by him or on his behalf, including metatags and search terms;
>
> (2) using the registered trademarks of Carrier, Bryant, Payne and Turn to the Experts or any other mark or designation confusingly similar thereto or colorable imitations thereof in

3

connection with the promotion, advertising, offering, manufacturing, distributing or selling of his products and services;

Further, David Kaiver is ordered to destroy and certify to plaintiff and the Court that he has destroyed all materials in his possession, custody or control which bear the registered trademark designations of Carrier, Bryant, Payne and Turn to the Experts.

Finally, Kaiver is required to file with the Court within 30 days after entry of final judgment a written statement, under oath, setting forth the detail and manner in which he has complied with the Orders issued by this Court.

**SO ORDERED** this   24th   day of January, 2012.

                                             s/ William C. Griesbach
                                             William C. Griesbach
                                             United States District Judge